**Inetha M. CARR, Plaintiff,**

v.

**CENTRAL PIEDMONT ACTION COUNCIL INC., Defendant**

No. CIV. A. 98–0056–L.

United States District Court,
W.D. Virginia,
Lynchburg Division.

Jan. 27, 2000.

Affirmed at 208 F.3d 208.

Harrison Benjamin Wilson, III, Richmond, VA, for Inetha Michelle Carr.

Carlene Booth Johnson, Perry & Windels, Dillwyn, VA, for Central Piedmont Action Council.

## *MEMORANDUM OPINION*

MOON, District Judge.

The defendant filed a motion for summary judgment on January 4, 2000. In its motion for summary judgment, the defendant presented supporting affidavits and reference to depositions purporting to establish that the plaintiff could not prove the essential elements of her retaliation claim.[1] The defendant set forth specific evidence that no adverse employment action had been taken against the plaintiff because she had engaged in protected activity, and that she was fired because of her insubordination, hostility, unreimbursed expenses, and unacceptable work schedule.

Rule 56(e) states that

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The plaintiff did not respond, as required by Rule 56, with specific facts or arguments that refuted the defendant's assertions. *See Pine Ridge Coal Co. v. Local 8377, United Mine Workers of America,* 187 F.3d 415, 421 (4th Cir.1999). Instead, the plaintiff's memorandum in opposition to the defendant's motion for summary judgment set forth general conclusive statements such as "The plaintiff will present direct evidence of discrimination and retaliation through her testimony at trial" and "We do not believe that C–PAC can sustain its burden of production." Because the plaintiff's response does not set forth specific facts showing that there is a genuine issue for trial, the defendant's motion for summary judgment is hereby GRANTED.

This case is hereby stricken from the docket of this court. The Clerk of the Court is directed to send a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

## *ORDER*

The defendant filed a motion for summary judgment on January 4, 2000. Because the plaintiff's response does not set forth specific facts showing that there is a genuine issue for trial, the defendant's motion for summary judgment is hereby GRANTED.

This case is hereby stricken from the docket of this court. The Clerk of the Court is directed to send a copy of this

---

1. All other claims have been previously dismissed.

Order and accompanying Memorandum Opinion to all counsel of record.